CAYEY SUGAR COMPANY, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

Appeal from a Decision of the Registrar of Property Refusing to Record an Agricultural Contract.

No. 361.—Decided June 29, 1918.

RECORD OF TITLE—AGRICULTURAL CONTRACT.—An indispensable requisite to the

recording of a contract for the planting and cultivation of sugar cane on a property owned in common is the previous consent of all the coöwners of the property.

The facts are stated in the opinion.

*Mr. F. V. Rodríguez Ortiz* for the appellant.

The respondent appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant corporation presented to the Registrar of Guayama an agricultural contract in the third clause of which Pedro J. Mombille agreed to plant the largest possible amount of sugar cane and not less than twenty-five *cuerdas* for the harvest of 1918 on a farm of fifty *cuerdas,* a piece of prop-erty which he held in common with his mother, Carmen Váz-quez, as appears from the registry itself.

The registrar refused the record because it appeared from the registry that it was property owned in common and that the consent of the mother, Carmen Vázquez, did not appear to have been given.

*Porto Rican Leaf Tobacco Co.* v. *Registrar,* 24 P. R. R. 831, and *Fajardo Sugar Co.* v. *Registrar,* 25 P. R. R. 176, make it clear that under the law the registrar has the right to exam-ine a contract of this kind and that for that purpose he has the right to examine his books with respect to the property sought to be recorded.

The incapacity of Mombille to make this contract alone ap-pears from the Civil Code, sections 401, 403 and 406, the first of which, equivalent to 394 of the Spanish Code, reads:

"Section 401.—Each participant may use the things held in com-mon, provided he uses them in accordance with the purpose for which they are intended and in such a way as not to injure the interest of the common ownership, nor prevent the co-participants from utilizing them according to their rights."

Commenting on this article Manresa says:

"The principle that as a joint owner is a real owner he may use the property held in common * * * is limited. He must use it

in the interest of the common ownership and in the special interests of the other joint owners.

"The individual right of each joint owner is subordinate to the general interest of the community and the law forbids that a joint owner use the common property in a manner different from that prescribed by the community or from that in which such property is generally used, as is fitly provided by this article. * * * Therefore, the agreement of the community is the first condition to be regarded and only when there is no express or implied agreement may the ordinary use of common property be considered in order to determine whether or not a joint owner has acted adversely to the collective interests. * * *

"This right is also restrained by law when its exercise prejudices the common ownership, not because the joint owner does not use the property in the manner agreed upon, but because he diverts it to his private use contrary to the interests of the community." 3 Manresa 433, 434.

Among the numerous conditions of the contract the said Mombille agreed (b) not to employ on the land any kind of fertilizers not authorized by the company, (c) not to water the land for a period of 30 days before its harvest, (d) not to cut the cane until it should be ripe and when ordered by the company. When these conditions are considered in connection with the principal fact that twenty-five *cuerdas* at least are subject to an absolute mortgage on the crop, it becomes evident that the co-owner might be seriously prejudiced in her right, inasmuch as her rights are co-extensive with those of Mombille in every acre of land.

The note of the registrar must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.